UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL SOLUTIONS GROUP, INC., <br> Plaintiff, <br> v. <br> H2L1-CSC, JV, <br> Defendant. | Case No. 4:17-cv-05433-KAW <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** <br> Re: Dkt. No. 42 & 43 |

On March 28, 2019, Plaintiff Federal Solutions Group, Inc. filed a motion for leave to file the first amended complaint to add a single claim for breach of the implied covenant of good faith and fair dealing.

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Plaintiff's motion for leave to amend.

## I. BACKGROUND

On September 19, 2017, Plaintiff Federal Solutions Group, Inc. ("FSG") filed a complaint against Defendant H2L1-CSC, JV ("H2L1") for breach of contract and unjust enrichment and quantum meruit arising out of a construction project ("Project") through the United States Army Corps of Engineers ("USACE"), located at Fort Hunter Liggett in Monterey County, California. Defendant was the Project's prime contractor, and Plaintiff was a subcontractor. H2L1 terminated FSG from the Project, allegedly for cause, which FSG denies was proper. FSG instituted this action to recover damages it incurred due to H2L1's conduct, including, but not limited to, H2L1's allegedly wrongful termination of FSG from the Project.

On January 18, 2018, the Court issued the case management scheduling order, and gave

the parties two weeks to amend their pleadings, through February 2, 2018, and set a trial date of April 1, 2019. (Dkt. No. 25.) On October 4, 2018, the Court adopted a joint stipulation to continue the trial date to December 16, 2019, which was sought, in part, because the parties were still meeting and conferring on discovery, including the production of documents. (Dkt. Nos. 33 & 34.) The deadline to amend pleadings remained unchanged. *See ids.*

On March 28, 2019, Plaintiff filed a motion for leave to file the first amended complaint to add a single claim for breach of the implied covenant of good faith and fair dealing. (Pl.'s Mot., Dkt. No. 42.) Plaintiff also filed a request for judicial notice. (Pl.'s RJN, Dkt. No. 43.) On April 11, 2019, Defendant filed an opposition. (Def.'s Opp'n, Dkt. No. 44.) On April 18, 2019, Plaintiff filed a reply. (Pl.'s Reply, Dkt. No. 45.)

## II. LEGAL STANDARD

### A. Motion for Leave to Amend

Federal Rule of Civil Procedure 16(b)(4) provides that, after the deadline has passed, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Unlike Rule 15(a), the "'good cause' standard primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591, 191 L. Ed. 2d 511 (2015) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotations omitted).

Rule 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to determine the propriety of a motion for leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir. 1990)). The factors are not to be given equal weight. *Eminence Capital*, 316 F.3d at 1052. Prejudice to the opposing party must be given the greatest weight. *Id*. Absent

2

1 prejudice, or a strong showing of bad faith, undue delay, or futility of amendment, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Id.*

### B. Request for Judicial Notice

A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993). "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III. DISCUSSION

### A. Request for Judicial Notice

As a preliminary matter, Plaintiff asks that the Court take judicial notice of four documents in support of its motion: 1) the January 18, 2018 initial case management scheduling order issued in this action; 2) the parties' October 3, 2018 joint stipulation and proposed order to continue the trial date and related deadlines; 3) the Court's order adopting the joint stipulation, dated October 4, 2018; and 4) the Court's civil minutes from the March 22, 2019 case management conference. (Req. for Judicial Notice, "RJN," Dkt. No. 43," Exs. 1-4.)

Defendant did not object to the request for judicial notice. All of the exhibits are court records in this case.[1] Generally, court records are subject to judicial notice, because they are true and correct copies of a court record. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980);

---

[1] Going forward, the parties are advised that a request for judicial notice is unnecessary if the documents originated in the instant case. Instead, a citation to the ECF docket number (Dkt. No. __) would suffice.

3

1  *see also* Fed. R. Evid. 201(b) (Public records, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, are also subject to judicial notice.)

Accordingly, the Court GRANTS Plaintiff's request for judicial notice.

### B. Motion for Leave to Amend

In making this motion, Plaintiff contends that good cause exists, because it was diligent in bringing the motion, and that Defendant will not suffer prejudice if leave to amend is granted. (Pl.'s Mot. at 7.)

In opposition, Defendant argues only that Plaintiff has not shown good cause to amend the complaint, because FSG failed to propound discovery prior to the deadline to amend the pleadings; the key document that forms the basis of the new claim has been in FSG's possession since 2014; and FSG waited several months after discovering its desire to amend before filing the motion, such that it lacked diligence in seeking amendment. (Def.'s Opp'n at 3-5.)

#### i. Plaintiff's failure to propound discovery prior to the deadline to amend the pleadings is irrelevant.

As an initial matter, the fact that Plaintiff did not propound discovery prior to the deadline to amend the pleadings is irrelevant. (*See* Def.'s Opp'n at 4.) The deadline to amend the pleadings is a date by which the parties may do so without leave of court. The fact that Rule 16 permits amendment after the deadline upon a showing of good cause shows that granting leave to amend in this instance is not giving Plaintiff a "mulligan," particularly given that, as Defendant acknowledges, breach of the implied covenant of good faith and fair dealing is a common claim in a breach of contract case. *See id*. Thus, Plaintiff's failure to propound discovery prior to the deadline to amend the pleadings has no bearing on the instant motion.

#### ii. Whether Plaintiff was diligent in seeking amendment

In seeking amendment, Plaintiff contends that it was diligent in doing so, given that H2L1 produced two rounds of documents, totaling over 3,500 pages, in January 2019, which took weeks to review. (Pl.'s Mot; at 7; Decl. of John A. Castro, "Castro Decl.," Dkt. No. 42-1 ¶ 5.) These were produced in response to requests propounded in May 2018. (*See* Castro Decl. ¶ 6.) Plaintiff

4

notified Defendant of the basis for its new claim in late-February 2019, and produced a copy of the proposed first amended complaint on March 25, 2019, and requested H2L1's consent in filing the amended pleading. (Pl.'s Mot. at 7; Castro Decl. ¶¶ 8, 12.) The parties met and conferred on March 28, 2019, and Defendant refused to stipulate, so Plaintiff filed the instant motion on that same date. (Castro Decl. ¶ 13.) The Court finds that this timeline is reasonable given the voluminous document production made in January 2019.

In opposition, Defendant argues that Plaintiff was not diligent, because its agent created the "key" document that forms its basis of the claim and emailed it from an FSG email address. (Def.'s Opp'n at 4.) Moreover, Defendant contends that Plaintiff has had the document since 2014. *Id.*

In its reply, FSG argues that that the document emailed from an FSG email address was only a draft, and that H2L1 failed to produce the actual schedule of values utilized on the Project. (Pl.'s Reply at 4.)[2] Furthermore, the individual who created the document was a former employee of both parties, and Defendant concedes that this former employee is in sole possession of certain documents, including some of Defendant's. (Pl.'s Reply at 3-4.) Additionally, Plaintiff argues that this was only one of three exemplar documents that were produced in January 2019 that provide a basis for the new claim. *Id.* at 3. The other two documents were a two-page email chain and correspondence from USACE, neither of which Defendant disputes were first produced in January. *Id.* This explanation is reasonable, and is not a basis to find that Plaintiff was not diligent in bringing this new claim.

Accordingly, the Court finds that Plaintiff was diligent in seeking amendment.

### iii. Defendant will not suffer prejudice if leave to amend is granted.

Defendant does not argue that it will suffer prejudice if leave to amend is granted. Instead, as Plaintiff contends, the addition of the new claim does not add any additional parties nor

---

[2] Plaintiff also states that Defendant has produced over 20,000 pages of documents that have been in its possession since the case's inception, and has been withholding metadata. (Pl.'s Reply at 4.) Currently, there is no discovery dispute before the undersigned regarding this document production, but the parties are directed to review the district's ESI Guidelines and Checklist, available at *https://www.cand.uscourts.gov/eDiscoveryGuidelines*, to assist them in future meet and confer efforts.

5

increase the complexity of the litigation. (Pl.'s Reply at 4.) The Court notes that the trial date has been continued to December 2019, and that the fact and expert discovery deadlines are not until July and August 2019, which provides sufficient time to engage in any additional discovery to the extent that it is necessary.

Additionally, the Court notes that there is no appearance of bad faith, undue delay or futility of amendment, and Plaintiff has not previously amended the complaint, which all weigh in favor of amendment.

Accordingly, all factors weigh in favor of amendment.

### IV.     CONCLUSION

In light of the foregoing, Plaintiff's motion for leave to amend is GRANTED. Plaintiff shall file its first amended complaint within seven days of this order.

IT IS SO ORDERED.

Dated: May 1, 2019

KANDIS A. WESTMORE
United States Magistrate Judge