UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL SOLUTIONS GROUP,<br>　　　　Plaintiff,<br>　　v.<br>H2L1-CSC,<br>　　　　Defendant. | Case No. 4:17-cv-05433-KAW<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY THE ENTIRE ACTION OR, IN THE ALTERNATIVE, TO CONTINUE TRIAL AND DISCOVERY DEADLINES**<br><br>Re: Dkt. No. 47 |

On March 28, 2019, Plaintiff Federal Solutions Group, Inc. filed a motion to stay the entire action or, in the alternative, to continue trial and discovery deadlines.

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES Plaintiff's motion to stay.

## I. BACKGROUND

On September 19, 2017, Plaintiff Federal Solutions Group, Inc. ("FSG") filed a complaint against Defendant H2L1-CSC, JV ("H2L1") for breach of contract and unjust enrichment and quantum meruit arising out of a construction project ("Project") through the United States Army Corps of Engineers, located at Fort Hunter Liggett in Monterey County, California. Defendant was the Project's prime contractor, and Plaintiff was a subcontractor. H2L1 terminated FSG from the Project, allegedly for cause, which FSG denies was proper. FSG instituted this action to recover damages it incurred due to H2L1's conduct, including, but not limited to, H2L1's allegedly wrongful termination of FSG from the Project.

On January 18, 2018, the Court issued the case management scheduling order, which set a trial date of April 1, 2019. (Dkt. No. 25.) On October 4, 2018, the Court adopted a joint stipulation

to continue the trial date to December 16, 2019, which was sought, in part, because the parties were still meeting and conferring on discovery, including the production of documents. (Dkt. Nos. 33 & 34.)

On November 7, 2018, a criminal complaint was filed against FSG's sole shareholder, Selina Singh, and key personnel, Manjinder Paul Singh and Kabir Singh, pertaining to alleged workers compensation insurance fraud. (Pl.'s Mot., Dkt. No. 47 at 3, 7.) On March 18, 2019, Defendant H2L1 served a second set of document requests on Plaintiff, seeking copies of all criminal complaints filed against Selina Singh, Manjinder Paul Singh, and Kabir Singh from January 1, 2014 to present. (Req. for Produc. of Docs., Decl. of John A. Castro, "Castrol Decl.," Dkt. No. 47-1 ¶ 5, Ex. A at 6.) Defendant also sought documents regarding Plaintiff's workers' compensation policy that was in effect during the relevant time period. (Req. for Produc. of Docs. at 4.)

On May 1, 2019, Plaintiff filed a motion to stay the case or, in the alternative, to continue trial and discovery deadlines in light of the parallel criminal proceeding. (Pl.'s Mot., Dkt. No. 47.) On May 15, 2019, Defendant filed an opposition. (Def.'s Opp'n, Dkt. No. 53.) On May 22, 2019, Plaintiff filed a reply. (Pl.'s Reply, Dkt. No. 54.)

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Whether to stay proceedings is entrusted to the discretion of the district court. *See id.* at 254-55. In deciding whether to stay proceedings pending resolution of another action, a district court must weigh various competing interests, including the possible damage which may result from granting a stay, the hardship a party may suffer if the case is allowed to go forward, and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

The United States Constitution does not require a stay of a civil proceeding pending the

outcome of a criminal proceeding. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). In the absence of substantial prejudice to the rights of the parties involved, parallel civil and criminal cases may proceed simultaneously. *Id.* at 324. Nevertheless, a court may exercise its discretion to stay the civil proceeding when the interest of justice so requires. *Id.* This decision should be made in consideration of the particular circumstances and competing interests involved, including the extent to which the criminal defendant's Fifth Amendment rights are implicated. *Id.* (citing *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989).) In addition, depending on the facts of the case, the court may also consider the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating*, 45 F.3d at 325 (citing *Molinaro,* 889 F.2d at 903) (*"Keating* factors").

The burden is on the movant to show that a stay is appropriate. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

### III. DISCUSSION

In making the motion, Plaintiff requests that the court stay the instant case pending the resolution of the parallel criminal proceeding. (Pl.'s Mot. at 2.) Plaintiff argues that the instant case and the parallel criminal proceeding overlap, and, because of that overlap, a stay is required due to the Fifth Amendment privileges of the individual defendants in the criminal proceeding. *Id.*

**A. FSG does not enjoy Fifth Amendment protections, but the individuals do.**

The first step is to consider the extent to which the defendant's Fifth Amendment rights are implicated. *Keating,* 45 F.3d at 324. Generally, artificial entities, such as corporations, do not enjoy Fifth Amendment protections. *Braswell v. United States*, 487 U.S. 99, 102 (1988). For that reason, no privilege can be asserted by the custodian of corporate records, regardless of the corporation's size, because any claim by the agent is tantamount to a claim of privilege by the corporation, which possesses no such privilege. *Id.* at 108, 110. There are no circumstances under

3

which a records custodian may resist a subpoena for an entity's records on Fifth Amendment grounds. *In re Twelve Grand Jury Subpoenas*, 908 F.3d 525, 531 (9th Cir. 2018).

Here, Plaintiff claims that the Fifth Amendment warrants a stay, because Defendant has requested to take the depositions of three of Plaintiff's employees, all of whom are named defendants in the parallel criminal proceeding. (Pl.'s Mot. at 6.) Thus, while Plaintiff as a corporation may not have Fifth Amendment protections, the individual defendants do. *Id.* As a result, if discovery moves forward, Plaintiff contends that its employees will have to choose between invoking their individual rights against self-incrimination or waiving those rights, which could adversely affect the civil case. *Id.* at 7.

In support of this argument, Plaintiff relies on *Clifford v. Trump,* 2018 U.S. Dist. LEXIS 122521, at *10 (C.D. Cal. Apr. 27, 2018), where the court held that, so long as the evidence is testimonial in nature and is potentially incriminating toward the speaker, not the corporation, the Fifth Amendment privilege applies. (Pl.'s Mot. at 6.) While true, the case also explicitly states that "'[a] stay of an action is not necessary where a defendant's fifth amendment rights can be protected through less drastic means, such as asserting the privilege on a question-by-question basis and implementing protective orders.'" *Id.* at *7 (quoting *Doe v. City of San Diego*, 2012 U.S. Dist. LEXIS 174773, at *2 (S.D. Cal. Dec. 10, 2012)).

Similarly, in opposition, Defendant argues that there are safeguards in place for Plaintiff's employees and shareholder, such as asserting their Fifth Amendment privilege at deposition. (Def.'s Opp'n at 5.) The Court agrees. Indeed, a deponent is not permitted to invoke their right against self-incrimination prophylactically. Privileges, like objections, may only be asserted in response to a question. Therefore, the possibility of questions seeking to elicit incriminating testimony at a deposition does not necessitate a stay when there is minimal factual overlap. *See* discussion, *infra*, Part III.B.

### B. Minimal factual overlap

Fifth Amendment concerns may be sufficient to warrant a stay when simultaneous civil and criminal proceedings involve "the same or closely related facts." *Ebay, Inc. v. Dig. Point Sols., Inc.*, 2010 U.S. Dist. LEXIS 23253, at *8 (N.D. Cal. Feb. 25, 2010). This is not the situation

here. The instant case involves breach of contract, while the pending criminal proceeding relates to alleged workers' compensation fraud. (Pl.'s Mot. at 7.) Plaintiff argues that they do overlap because the time frame of the matters being investigated include the contract between Plaintiff and Defendant. (Pl.'s Mot. at 7). In support of its contention, Plaintiff points to Defendant's request for the criminal complaints filed against Selina Singh, Manjinder Paul Singh, and Kabir Singh. *Id.* Defendant also requested a copy of Defendant's worker's compensation policy for the project, which Plaintiff argues clearly illustrates that the pending criminal proceeding heavily overlaps with relevant facts and issues in the case at bar, and that Defendant intends to investigate factual issues that are central to the criminal proceeding. *Id*. at 7-8.

In opposition, Defendant argues that Plaintiff's position has been that the criminal complaints are irrelevant, and that it has refused to produce them in response to the document requests. (Def.'s Opp'n at 5.) Defendant also points out that FSG has not produced any admissible evidence to show that the facts overlap. *Id.* at 6.

The Court agrees on both counts. The instant case does not turn on whether Plaintiff committed workers' compensation fraud. Rather, it will depend on whether there was a breach of contract. Indeed, any potential overlap is due to Defendant's document requests, to which Plaintiff appears to have correctly objected. Moreover, as discussed above, the individual, criminal defendants may invoke their right against self-incrimination in response to specific deposition questions, which is far less drastic than an indefinite stay in the litigation. *See* discussion, *supra*, Part III.A.

Accordingly, the minimal overlap regarding the time frame does not weigh in favor of a stay, and, even if it did, Plaintiff has failed to carry its burden to show that a stay is appropriate. As a result, the Court need not address the remaining *Keating* factors.

//
//
//
//
//

## IV. CONCLUSION

In light of the foregoing, Plaintiff's motion for stay is DENIED. As previously conveyed, the Court will address the potential continuance of case deadlines at the next case management conference.

IT IS SO ORDERED.

Dated: June 19, 2019

KANDIS A. WESTMORE
United States Magistrate Judge