UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL SOLUTIONS GROUP, INC., <br> Plaintiff, <br> v. <br> H2L1-CSC, JV, <br> Defendant. | Case No. 4:17-cv-05433-KAW <br><br> **ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AS COUNSEL** <br><br> Re: Dkt. No. 58 |

On July 3, 2019, counsel Ernest M. Isola and John A. Castro filed a motion to withdraw as counsel for Plaintiff Federal Solutions Group, Inc. ("FSG"). (Mot., Dkt. No. 58.) Neither Plaintiff nor Defendant filed an opposition to counsel's motion to withdraw.

On October 3, 2019, the Court held a hearing on the motion, at which FSG's corporate representative did not appear. Having reviewed the filings, the Court GRANTS the motion to withdraw as counsel.

## I. BACKGROUND

On July 3, 2019, Plaintiff's counsel, Ernest M. Isola and John A. Castro of Gordon Rees Scully Mansukhani LLP, filed a motion to withdraw as counsel. (Mot., Dkt. No. 58). On July 8, 2019, the Court ordered Plaintiff's counsel to submit a supplemental declaration in support of the motion to withdraw. (Dkt. No. 59.) On July 12, 2019, Plaintiff's counsel submitted a declaration in support of the motion to withdraw as counsel, and explained that FSG had not paid invoices submitted by the firm and third parties for fees and costs incurred in prosecuting this lawsuit, and had not responded to counsel's attempts to communicate for extended periods of time. (Decl. of Ernest M. Isola, "Isola Decl.," Dkt. No. 60 ¶ 4.) On July 26, 2019, Mr. Isola submitted a supplemental declaration in support of the motion to withdraw, and provided that his firm had

reached an agreement, in principle, with FSG that would resolve all issues and result in the withdrawal of the motion, but that those obligations had not yet been fulfilled. (Suppl. Decl. of Ernest M. Isola, "Suppl. Isola Decl.," Dkt. No. 63 ¶¶ 3-4.)

On August 30, 2019, Plaintiff's counsel submitted a second supplemental declaration in support of the motion to withdraw, in which Mr. Isola represented that the irreconcilable differences may be resolved, and requested that the hearing on the motion be continued and that he be given an opportunity to file another supplemental declaration to inform the undersigned as to whether the disputes identified in the pending motion were resolved. (2d. Suppl. Decl. of Ernest M. Isola, "2d Suppl. Isola Decl., Dkt. No. 68 ¶¶ 3-5.)

On September 26, 2019, Plaintiff's counsel submitted a third supplemental declaration in support of the motion to withdraw, and confirmed that the issues had not been resolved, and reiterated the request to be relieved as counsel. (3d. Suppl. Decl. of Ernest M. Isola, "3d Suppl. Isola Decl., Dkt. No. 72 ¶¶ 4-5.)

## II. LEGAL STANDARD

Under Civil Local Rule 11-5(a),"[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The rule further provides that:

> When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se. When this condition is imposed, counsel must notify the party of this condition. Any filed consent by the party to counsel's withdrawal under these circumstances must include acknowledgment of this condition.

Civil L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). Under California Rule of Professional Conduct 3-700(C), an attorney may request permission to withdraw if the client breaches an agreement or obligation to its counsel as to expenses or fees, or if the client engages in "other conduct [that] renders it unreasonably

2

1  difficult for the member to carry out the employment effectively," such as a client's failure to

2  communicate with his attorney. Cal. Rules of Prof'l Conduct R. 3-700(C)(1)(d).

3  The Court has discretion regarding whether to grant a motion to withdraw, and an

4  attorney's request to withdraw should be denied "where such withdrawal would work an injustice

5  or cause undue delay in the proceeding." *Gong v. City of Alameda*, No. C 03-05495 TEH, 2008

6  WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) (no prejudice or undue delay to client where counsel

7  provided sufficient notice of its intent to withdraw and where no trial date had yet been set in the

8  case).

### III. DISCUSSION

Counsel Ernest M. Isola and John A. Castro move to withdraw from representing Plaintiff on the grounds that there are irreconcilable differences between him and his client, based on Plaintiff's repeated breach of the attorney-client agreement by failing to pay its outstanding invoices from Counsel's firm and other professional vendors, by failing to live up to its assurance that it would remit a retainer going forward, and by failing to respond to counsel's repeated attempts to communicate. (Pl.'s Mot. at 1-2; Isola Decl. ¶ 5; 3d. Suppl. Isola Decl. ¶ 4.) Moreover, Mr. Isola has not received any response to his last four attempts to communicate with FSG over the past four weeks. (3d. Suppl. Isola Decl. ¶ 4.)

The Court finds that good cause exists to grant the motion to withdraw. Mr. Isola asserts that the breakdown in the attorney-client relationship and the breach of the attorney-client agreement have rendered continued representation impossible. (*See* 3d. Isola Decl. ¶ 4.) Further, although Plaintiff was served with Mr. Isola's intent to withdraw prior to the filing of the motion, as well as with the motion to withdraw and the multiple, supporting declarations, FSG has not objected to the motion. (*See* Mot. at 2; Dkt. No. 60 at 7; Dkt. No. 63 at 3; 2d. Suppl. Isola Decl. ¶ 8; 3d. Suppl. Isola Decl. ¶ 7.)

Finally, while there are existing deadlines, including trial scheduled for March 16, 2020, the Court will not require counsel to work without compensation or without ready communication from and access to their client, who is ultimately responsible for prosecuting this case. Accordingly, the Court GRANTS the motion to withdraw.

3

## IV. CONCLUSION

Accordingly, counsel's motion to withdraw is GRANTED, and attorneys Ernest M. Isola and John A. Castro, as well as the law firm of Gordon Rees Scully Mansukhani LLP, are relieved as counsel of record. Since Plaintiff has not consented to the withdrawal and no substitution of counsel has been filed, all papers from the court and from other parties shall continue to be served on Mr. Isola for forwarding purposes until a substitution of counsel is filed. *See* Civil L.R. 11-5(b).

Additionally, since Plaintiff is a corporation, it is unable appear in federal court except by counsel. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993). **Therefore, FSG has 45 days from the date of this order to find substitute counsel.** The Court advises Plaintiff that the failure to obtain new counsel or comply with Court orders may result in this case being dismissed for failure to prosecute. *See Brite Smart Corp. v. Google, Inc.*, Case No. 15-cv-3962-BLF, 2016 WL 1070667, at *1 (N.D. Cal. Mar. 16, 2016) (dismissing case for failure to prosecute where corporate plaintiff was unable to obtain counsel to prosecute the case); *Greenspan v. Admin. Office of the U.S. Courts*, Case No. 14-cv-2396-JTM, 2014 WL 6847460, at *6 (N.D. Cal. Dec. 4, 2014) (dismissing corporate plaintiff from an action due to failure to obtain legal representation).

If Plaintiff has no true intention of retaining new counsel to prosecute this case, Plaintiff is directed to file a dismissal of this action to avoid unnecessary future motion practice and use of judicial resources.

Mr. Isola is instructed to immediately serve this order on Plaintiff, and to file a proof of service within 7 days of the date of this order.

IT IS SO ORDERED.

Dated: October 4, 2019

KANDIS A. WESTMORE
United States Magistrate Judge